# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**BRYAN V. RAINEY**                                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:13-CV-P178-R**

**ERIC R. MADDEN et al.**                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bryan V. Rainey, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Kentucky State Penitentiary (KSP), sues the following KSP employees in their individual and official capacities: Nurse Eric R. Madden; Dr. Steven Highland; Adjustment Chairman Troy E. Belt; and Warden Randy White. He alleges that he is on a seizure medication, Phenobarbital, which had to be brought from "medical" and could not be kept on the pill cart. He alleges that Defendant Madden had forgotten to "bring this medicine on numerous occasions which caused Plaintiff to have a seizure and bust his head to where he received 7 stitches to the back of his head." Plaintiff states that about a week later, on October 11, 2012, at 7:45 p.m. "Nurse Madden again came to the Plaintiff's cell and had forgot his medicine. He told Plaintiff he would get it on the next pill call." Plaintiff states that about 45 minutes later he went into another seizure "and again reopened his wound." According to the complaint, while Plaintiff was having his seizure, inmates yelled for the guards, and Defendant Madden returned. Plaintiff states, "Nurse Madden then walked into the Plaintiff's cell said 'Quit

Faking' and walked out. He never 1 time evaluated the Plaintiff." Plaintiff alleges that he woke up 30 minutes later with blood matted on his head, not knowing what happened. Plaintiff asserts that "Nurse Madden had made a statement at my door during a pill call 'Have a s[ei]zure and die.'" Plaintiff also alleges that "Dr. Steven Highland not 1 time visited the Plaintiff to check on him nor did he even pull the pill chart to see if the nurses under his supervision was giving the Plaintiff his meds therefor he also knowingly and deliberately denied the Plaintiff his right to medical care." Plaintiff alleges that Defendant Madden wrote him up for faking the seizure and that Defendant Belt found Plaintiff guilty and gave Plaintiff fifteen days in the "hole." Finally, Plaintiff asserts that Defendant White violated his constitutional rights by denying Plaintiff his appeal and keeping him in segregation for the same reasons as Defendant Belt. As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of reversing the fifteen days in segregation and making sure inmates are given their medication.

Plaintiff attaches a copy of his pill-call sheet with days the nurse did not give him medication highlighted and a disciplinary investigation report form dated October 12, 2012. He also attaches a disciplinary report form entitled "Part II Hearing/Appeal" dated October 24, 2012, showing that Plaintiff was found guilty of interfering with an employee in the performance of his duty. That hearing form states, in part, that Nurse Madden received a call over the radio that "Madden needed to report to 14-Left Walk due to Inmate Rainey having a possible seizure. Upon examining Inmate rainey it appeared that he was not having a seizure. Based on Inmate Rainey's claim of a history of seizures, Nurse Madden responded quickly interrupting Nurse Madden's other duties." As a result of the hearing, the Adjustment Committee assigned Plaintiff to disciplinary segregation for fifteen days. The attachment shows that Plaintiff appealed, and

2

Defendant White concurred with the Adjustment Committee, stating, "In review, I find the Committee heard and considered your testimony but found sufficient evidence to support their decision of guilt. I find the discipline imposed to be within the appropriate CPP offense category and no justification from your appeal to alter the Committee's decision."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Official-capacity claims

All Defendants are state employees. The claims brought against Defendants in their official capacities are deemed to be against the Commonwealth of Kentucky itself. *See Kentucky*

*v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will, by separate Order, dismiss the claims for monetary relief against Defendants in their official capacities pursuant to §§ 1915A(b)(1) and (b)(2).

**B.      Individual-capacity claims**

*Claim against Nurse Madden*

Plaintiff alleges that on numerous occasions Defendant Madden forgot to bring Plaintiff's seizure medicine which caused Plaintiff on one occasion to have a seizure "and bust his head to where he received 7 stitches." He also accuses Defendant Madden of again forgetting the seizure medicine about a week later, which Plaintiff alleges caused him to have another seizure. However, the Adjustment Committee found that he did not have a real seizure on that occasion.

On review, the Court will allow the Eighth Amendment claim against Defendant Madden concerning failure to administer the seizure medication to go forward. In doing so, the Court expresses no opinion on the ultimate outcome of that claim.

*Claim against Dr. Highland*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendant Highland's position as medical director does not automatically make him liable for the actions/inactions of his subordinates. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 WL 777979 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff). Because Plaintiff's allegations against Defendant

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

5

Highland relate only to his role as director, Plaintiff fails to state a claim against him.

### *Claims against Defendants Belt and White*

Plaintiff's allegations against these Defendants concern his disciplinary write-up, finding of guilty, and appeal. In reviewing a Fourteenth Amendment claim, the Court must first discern whether Plaintiff possesses a liberty interest that is protected by the Due Process Clause. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Plaintiff has essentially asserted a liberty interest in freedom from disciplinary segregation. Prisoners, however, possess a liberty interest in freedom from segregation only if their confinement constitutes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Noting that punishment of incarcerated prisoners is aimed at effectuating prison management and prisoner rehabilitative goals, the Court found that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. The prisoner plaintiff in *Sandin* was found guilty of a disciplinary charge and sentenced to 30 days of disciplinary segregation. The Court concluded: "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.

Plaintiff has not alleged the loss of any good time credits demonstrating that the segregation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* at 484-86; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (holding state prisoner's placement in disciplinary confinement did not implicate a liberty interest entitled to due process protection, where it was neither accompanied by loss of good time credits nor lasted for a significant period of time

6

causing an unusual hardship on prisoner). Therefore, the Court finds that the Plaintiff's confinement in disciplinary segregation does not constitute a constitutional violation.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against all Defendants and all claims against Defendants Highland, Belt, and White are **DISMISSED** for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate Defendants Highland, Belt, and White as parties to this action.

A separate Scheduling Order will be entered to govern the claims which will proceed, *i.e.*, the individual-capacity Eighth Amendment claim against Defendant Madden.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009