UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRYAN V. RAINEY**                                                                               **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 5:13-CV-P178-GNS**

**ERIC R. MADDEN**                                                              **DEFENDANT**

**MEMORANDUM OPINION**

       Plaintiff, Bryan V. Rainey, instituted this *pro se* action by filing an *in forma pauperis* complaint against Defendant Eric R. Madden, a nurse, and three other Defendants. On initial review of the complaint, the Court dismissed the claims against the other Defendants, leaving only an Eighth Amendment claim against Defendant Madden in his individual capacity. The Court's Scheduling Order directed General Counsel of the Justice and Public Safety Cabinet to complete and return a notice of waiver of service for Defendant Madden. If the Justice and Public Safety Cabinet did not represent Defendant Madden, that Order requested General Counsel to provide a forwarding or last known address for Defendant Madden. The Justice and Public Safety Cabinet filed a notice that Defendant Madden was a CorrectCare Integrated Health, Inc., employee who could be served at the Kentucky State Penitentiary (KSP). The Court directed the U.S. Marshals Service to effect service on Defendant Madden at KSP. The summons to Defendant Madden at the KSP was returned unexecuted.

       On December 30, 2014, the Court entered an Order directing the Clerk of Court to prepare and issue a summons for service by the U.S. Marshals Service on Defendant Madden at CorrectCare. That Order warned Plaintiff that should he receive notice that the summons is returned to the Court unexecuted he must take steps to remedy the defect in service by providing additional information to the Court and that failure to do so within 60 days may result in

dismissal of Defendant. That Order cited to Fed. R. Civ. P. 4(m), which provides in pertinent part: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

    On January 22, 2015, the summons was returned unexecuted. More than 120 days have passed since the complaint was filed, and more than 60 days have passed from the return of the unexecuted summons without any additional information being provided by Plaintiff as to where service could be effected on Defendant.

    Therefore, by separate Order, the Court will dismiss Defendant Madden as a party to this case pursuant to Fed. R. Civ. P. 4(m). Because all of the other Defendants have already been terminated as parties, the Court will dismiss the instant action.

Date: May 11, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
4416.009